**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                                       :
GOLDA D. HARRIS,                       :
                                       :    CIVIL ACTION NO. 10-175 (MLC)
              Petitioner,              :
                                       :
         v.                            :         O P I N I O N
                                       :
STATE OF NEW JERSEY,                   :
                                       :
              Respondent.              :
                                       :
```

**APPEARANCES:**

Golda D. Harris, Petitioner pro se, # 624484/310560B
New Jersey State Prison, P.O. Box 861, Trenton, New Jersey 08625

**COOPER, District Judge**

Petitioner, Golda D. Harris, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on or about January 13, 2010. Harris has neither paid the $5.00 filing fee nor submitted an application to proceed in forma pauperis. The Court will dismiss the petition without prejudice for failure to exhaust state court remedies.

### BACKGROUND

Harris submitted a jumbled batch of papers to the Clerk of the Court for filing as a habeas petition. It would appear that most of the papers are directed to the New Jersey state courts for appeal, post-conviction relief, and release on bail or recognizance. Harris, in a letter hand-dated on January 9, 2010, states that she has enclosed her appeal papers and motions for post-conviction relief ("PCR") and release on recognizance

("ROR"), and asks this Court to release her because she is innocent of the crimes for which she was convicted and seeks an acquittal. Harris also alleges that there was perjured testimony during her state criminal trial, and claims that she suffers from constant pain and is permanently disabled. Harris admits that her appeal and motions for PCR and ROR are still pending in state court. It appears that she seeks immediate release on bail or on ROR. It also appears that Harris may be challenging her conviction on grounds of malicious prosecution, prosecutorial misconduct, and an unsupported claim of innocence.

**ANALYSIS**

**I. Pro Se Pleading**

Harris brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).

**II. Exhaustion Analysis**

A state prisoner seeking a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State

corrective process[] or ... circumstances exist that render such process ineffective". 28 U.S.C. § 2254(b)(1); see Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (stating that before determining petition's merits, court must consider whether petitioner is required to present unexhausted claims to state court).

The exhaustion requirement allows state courts to have the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in a review. Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting the federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the

law of the State to raise, by any available procedure, the question presented"). The exhaustion requirement is satisfied when a petitioner's federal claims have been fairly presented to the state's highest court,. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277. Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. 28 U.S.C. § 2254(c).

The petition here, on its face, shows that Harris has failed to exhaust state court remedies as to the challenged state court conviction and sentence. Harris admits that she has filed an appeal and a PCR motion and request for ROR while her appeal is pending. She nevertheless chose to bring this action in federal court because she complains of physical disabilities that are causing her to deteriorate while in prison. Consequently, it is plain that Harris has an appeal pending in state court, with other PCR motions pending as well, that would preclude her from

seeking federal court intervention through a § 2254 habeas petition at this time.

As a matter of comity, it is best left to the New Jersey state courts to determine Harris's constitutional claims and challenges on direct appeal, which is still pending and has not yet been exhausted. Therefore, based on the allegations represented by Harris in her petition, it is obvious that her claims for habeas relief in this instance have not been fully exhausted, and the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254. See Rose, 455 U.S. at 510.

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the

prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jurists of reason would not find this Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

## CONCLUSION

This Court finds that Harris has failed to exhaust her available state court remedies or allege facts sufficient to excuse failure to exhaust.  This Court therefore will dismiss the § 2254 habeas petition without prejudice for failure to exhaust available state court remedies.  No certificate of appealability will issue, insofar as Harris has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

                                       s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                       United States District Judge

Dated:     March 11, 2010