**NOT FOR PUBLICATION**

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY

                                  :
GOLDA D. HARRIS,                  :   CIVIL ACTION NO. 10-175 (MLC)
                                  :
     Petitioner,                  :         O P I N I O N
                                  :
     v.                           :
                                  :
STATE OF NEW JERSEY,              :
                                  :
     Respondent.                  :
                                  :
```

**THIS IS** an action brought pursuant to 28 U.S.C. § 2254. (Dkt. entry no. 1, Petition.)  On March 11, 2010, the Court (1) dismissed the petition, and (2) explicitly declined to issue a certificate of appealability ("March Order").  (Dkt. entry no. 3, 3-11-10 Order; dkt. entry no. 2, 3-11-10 Op.)  In papers dated both October 26, 2010, and October 28, 2010, and received by the Clerk's Office on December 1, 2010, the petitioner files a "request for certificate of appealability" ("Request").  (Dkt. entry no. 4, Letter Br. at 1; dkt. entry no. 4, Certified Stmt.) The plaintiff is:

> requesting to file this . . . out of time.  It is late due to:  1) Not receiving my property back from the prison until 5-11-10 in complete disarray and confusion; 2) No ink pen or paper until 5-28-10 and/or 6-3-10 and 3) I was hospitalized 3-7-10 through 3-20-10 and again on 4-8-10 through 4-23-10 . . . and hospitalized again from 7-7-10 – 8-9-10.

(Letter Br. at 1.)

**IF THE REQUEST** is indeed a request for a certificiate of appealability, then it is denied as moot.  The Court has already declined to issue one.  (See 3-11-10 Order.)

**IF THE REQUEST** is actually a motion for reconsideration, then it is denied.  There is a well-settled standard for deciding a motion for reconsideration.  See Beety-Monticelli v. Comm'r of Soc. Sec., 343 Fed.Appx. 743, 747 (3d Cir. 2009); Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999).  The Court has carefully reviewed the petitioner's arguments.  The petitioner (1) has not established that facts or controlling legal authority were overlooked by the Court, (2) is merely asserting her disagreement with the March Order, and (3) in any event, has sought this relief in a significantly untimely fashion, as the Local Civil Rules provide 14 days from entry of the March Order to so move.  See L.Civ.R. 7.1(i).

**IT APPEARS** that the petitioner, at this juncture, was required to request a certificate of appealability directly from the Third Circuit Court of Appeals.  See 28 U.S.C. § 2253(c)(1); Fed.R.App.P. 22(b)(1) (stating that if district court denies certificate of appealability, then petitioner may request same of circuit court); Mickens-Thomas v. Vaughn, 355 F.3d 294, 303 (3d Cir. 2004); Coady v. Vaughn, 251 F.3d 480, 486-87 (3d Cir. 2001).

**PERHAPS THE REQUEST** can be viewed as a request for leave to seek an untimely certificate of appealability from the Court of

Appeals, and perhaps the Court should apply Federal Rule of Appellate Procedure 4(a) and 28 U.S.C. § 2107(c).  See <u>Weaver v. Larkins</u>, No. 97-61, 1999 WL 79054, at *2 n.1 (E.D. Pa. Feb. 8, 1999) (suggesting same).  The Request must still be denied.

**A NOTICE OF APPEAL** "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered".  Fed.R.App.P. 4(a)(1)(A).  When "an inmate confined in an institution" is involved, then the date of filing is construed to be the date the notice of appeal "is deposited in the institution's internal mail system".  Fed.R.App.P. 4(c)(1).  Using the deadlines provided in this appellate rule, the petitioner had until April 12, 2010, to deposit the Request in the mail system.[1]  The petitioner did not do so.

**HOWEVER:**

> The district court may extend the time to file a notice of appeal if:
>> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed.R.App.P. 4(a)(5)(A).  Using the deadlines provided in this appellate rule, and assuming that the second 30-day period ran from April 12, 2010, the second 30-day period expired here on May

---

[1] The thirtieth day was on April 10, 2010, which was a Saturday.  Thus, the operative date is Monday, April 12, 2010.

3

12, 2010.  Thus, the Request — even using the earliest date contained in the Request, which is October 26, 2010 — is untimely.  An analysis of whether the petitioner has shown excusable neglect or good cause is not necessary.

**IN ADDITION**:

> The district court may reopen the time to file an appeal . . . but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6).  Using the generous 180-day period, the petitioner's time expired on September 7, 2010, which is almost two months before the earliest date in the Request.

**THERE IS** no equitable tolling to consider here.  See <u>Bowles v. Russell</u>, 551 U.S. 205, 206, 214 (2007).  The Request will be denied.  The Court will issue an appropriate order.

                                                s/ Mary L. Cooper  
                                              **MARY L. COOPER**  
                                              United States District Judge

Dated:  May 16, 2011